TJT:hkp

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No.: __00-6058-CR-HURLEY__

21 USC §841(a)(1)
18 USC §2

MAGISTRATE JUDGE
VITUNAC

UNITED STATES OF AMERICA

vs.

YVETTE JENKINS

_____

## INDICTMENT

The Grand Jury charges that:

On or about March 2, 2000, at Broward County, in the Southern District of Florida, the defendant,

**YVETTE JENKINS,**

did knowingly and intentionally possess with intent to distribute a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of cocaine; in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
THOMAS E. SCOTT
UNITED STATES ATTORNEY

_____
TERRENCE J. THOMPSON
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA           CASE NO. _____

v.                                 **CERTIFICATE OF TRIAL ATTORNEY\***

YVETTE JENKINS                     **Superseding Case Information**:

**Court Division**: (Select One)       New Defendant(s)        Yes ____   No ____
                                   Number of New Defendants    ____
___ Miami        ___ Key West          Total number of counts      ____
_X_ FTL    ___ WPB  ___ FTP

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:        (Yes or No) __No__
   List language and/or dialect   __English__

4. This case will take __2__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                              (Check only one)

   I    0 to 5 days       _X_       Petty       ____
   II   6 to 10 days      ____      Minor       ____
   III  11 to 20 days     ____      Misdem.     ____
   IV   21 to 60 days     ____      Felony      _X_
   V    61 days and over  ____

6. Has this case been previously filed in this District Court? (Yes or No)  __No__
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No) __Yes__
   If yes:
   Magistrate Case No.                    __00-4046-LSS__
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of   __03/02/00__
   Defendant(s) in state custody as of   _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No) __NO__

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? __ Yes  _X_ No   If yes, was it pending in the Central Region? __ Yes  _X_ No

                                   _____
                                   TERRENCE J. THOMPSON
                                   ASSISTANT UNITED STATES ATTORNEY
                                   Court Bar No. A5500063

*Penalty Sheet(s) attached                                          REV.4/7/99
N:\udd\hpantale\tthompso\ALCOCK\INDPKG.wpd

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: YVETTE JENKINS          No.: _____

Count #I:
Possess with intent to distribute cocaine; in violation of 21:841(a)(1) and 18:2

*Max Penalty: Mandatory minimum 10 years' and maximum of life imprisonment; $4,000,000 fine

Count #:

*Max Penalty:

Count #:

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

No. 04082

# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Central Criminal Division

## THE UNITED STATES OF AMERICA

vs.

YVETTE JENKINS

## INDICTMENT

21 USC §841(a)(1)
18 USC §2

A true bill.

_____
Foreperson

Filed in open court this _____ day,

of _____ A.D. 19__

Bail, $ _____

_____
Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4046-SNOW

UNITED STATES OF AMERICA, :

        Plaintiff, :

v. :

YVETTE JENKINS, :

        Defendant. :

_____ :

**DEFENDANT'S INVOCATION OF RIGHTS TO
SILENCE AND COUNSEL**

The defendant named above does hereby invoke his rights to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to: matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures; or that may be relevant to sentencing, enhanced punishments, factors applicable under the United States Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction; appeals or other post-trial proceedings.

The defendant requests that the United States Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or



employees associated with the investigation of any matters relating to the defendant. Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Patrick M. Hunt
  Assistant
Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 3/ day of March, 2000, to the office of the United States Attorney, Fort Lauderdale, Florida.

_____
Patrick M. Hunt

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4046-SNOW

UNITED STATES OF AMERICA,   :

       Plaintiff,   :

       v.   :

YVETTE JENKINS,   :

       Defendant.   :

_____ :

## NOTICE OF ASSIGNMENT

The above captioned case has been assigned to the Assistant Federal Public Defender specified below. Please send all notices and inquiries to this attorney at the address listed.

Respectfully submitted,

KATHLEEN M. WILLIAMS
FEDERAL PUBLIC DEFENDER

By: _____
Patrick M. Hunt
  Assistant
Federal Public Defender
Florida Bar No. 571962
Attorney for Defendant
101 N.E. 3rd Avenue, Suite 202
Fort Lauderdale, Florida 33301
(954) 356-7436 / (Fax) 356-7556

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the aforementioned motion was mailed on this 3rd day of March, 2000, to the office of the United States Attorney, Fort Lauderdale, Florida.

_____
Patrick M. Hunt



COURT MINUTES

CHIEF U. S. MAGISTRATE JUDGE **LURANA S. SNOW** - FT. LAUDERDALE, FLORIDA

DEFT: YVETTE JENKINS (J)     CASE NO: 00-4046-SNOW
AUSA: TERRY THOMPSON     ATTY: Bernardo Lopez
AGENT: DEA M. Hok     VIOL:
PROCEEDING I/A ON COMPLAINT     RECOMMENDED BOND PTD
BOND HEARING HELD - yes/no     COUNSEL APPOINTED FPD

    BOND SET @

    SPECIAL CONDITIONS:

1) To be cosigned by:

2) Rpt to PTS _____ x's a wk/month by phone; _____ x's a wk/month in person

3) Travel extended to:

Deft advised of charges - sworn
for apptmt of counsel

NEXT COURT APPEARANCE:    INQUIRY RE COUNSEL: _____
                                        (PTD/BOND HRG:) 3-7 // SNOW
                                        PRELIM/ARRAIGN: 3-13 // BSS
                                        REMOVAL HRG:
                                        STATUS CONF:

Date: 3-2-00    Time 2:00 PM    FTL/LSS TAPE #00-012    Begin: 456    End: 605

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-4046-SNOW

UNITED STATES OF AMERICA

    Plaintiff,

**ORDER ON INITIAL APPEARANCE**
Language  English
Tape No.  00- 013

v.

AUSA  Terry Thompson
Agent

YVETTE JENKINS

    Defendant.
_____/



The above-named defendant having been arrested on 3/2/00, having appeared before the court for initial appearance on 3/2/00 and proceedings having been held in accordance with **F.R.C.P. 5 or 40(a)**, it is thereupon ORDERED as follows:

1. _Bernardo Lopez_ appeared as permanent/temporary counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
2. _____ appointed as permanent counsel of record.
   Address: _____
   Zip Code: _____ Telephone: _____
3. The defendant shall attempt to retain counsel and shall appear before the court at _____
   on _____.
4. Arraignment/Preliminary/Removal/Identity hearing is set for _3-13_ at _11_ before Judge _Seltzer_
5. The defendant is held in temporary pretrial detention pursuant to 18 U.S.C. Section 3142 (d) or (f) because _____
   A detention hearing, pursuant to 18 U.S.C. Section 3142(f), is set for _3/7_ at _11_ before Judge _Snow_
6. The defendant shall be released from custody upon the posting of the following type of appearance bond, pursuant to 18 U.S.C. Section 3142: _____

This bond shall contain the standard conditions of bond printed in the bond form of this Court and, in addition, the defendant must comply with the special conditions checked below:
___a. Surrender all passports and travel document to the Pretrial Services Office.
___b. Report to Pretrial Services as follows:_____ times a week /month by phone, _____ time a week/month
    in person; other: _____
___c. Submit to random urine testing by Pretrial Services for the use of non-physician-prescribed substances
    prohibited by law.
___d. Maintain or actively seek full time gainful employment.
___e. Maintain or begin an educational program.
___f. Avoid all contact with victims of or witnesses to the crimes charged.
___g. Refrain from possessing a firearm, destructive device or other dangerous weapon.
___h. Comply with the following curfew: _____
___i. Avoid all commercial transportation facilities; no airports, no marinas, no bus terminals.

\_j. Comply with the following additional special conditions of this bond:_____
_____

     This bond was set: At Arrest _____
                            On Warrant _____
                            After Hearing __X_____

     If bond is changed from that set in another District, the reason pursuant to Rule 40(f) is _____
_____

_____ If this space is checked, an evidentiary hearing pursuant to United States v. Nebbia, 357, F.2d 303 (2 Cir. 1966) shall be held prior to the posting of the bond. Such hearing shall be scheduled promptly upon notification to the court that the defendant is ready to post bond.

7. The defendant has been advised by the court that if he or she is released on bond pursuant to the conditions set forth herein or those later ordered by the court, the defendant is subject to arrest and revocation of release and to various civil and criminal sanctions for any violation of those conditions. These various sanctions and penalties are set forth more fully in the Appearance Bond itself.

8. The defendant is committed to the custody of the United States Marshal until an appearance bond has been executed in accordance with this or subsequent court order.

    **DONE AND ORDERED** at Ft. Lauderdale, Florida this 2nd day of March, 2000.

                                                _____
                                                CHIEF U. S. MAGISTRATE JUDGE
                                                LURANA S. SNOW

cc: Assistant U.S. Attorney
    Defendant
    Counsel
    Copy for Judge
    Pretrial Services/Probation

UNITED STATES DISTRICT COURT
Southern District of Florida

U.S. Marshal # 55221-004

UNITED STATES OF AMERICA )
       Plaintiff ) Case Number: CR 00-4046-SNOW
                          ) REPORT COMMENCING CRIMINAL
-vs- )            ACTION
                          )
JENKINS, YVETTE )
      Defendant

************************************************************

TO: Clerk's Office    MIAMI    FT. LAUDERDALE    W. PALM BEACH
    U.S. District Court        (circle one)

NOTE: CIRCLE APPROPRIATE LOCATION FOR APPEARANCE IN
     MAGISTRATES COURT ABOVE
************************************************************

All items are to be completed. Information not applicable or unknown will be indicated "N/A".

(1) Date and Time of Arrest: 3/2/00     am/pm

(2) Language Spoken: ENGLISH

(3) Offense(s) Charged: PWID COCAINE

(4) U.S. Citizen [✓] Yes  [ ] No  [ ] Unknown

(5) Date of Birth: 7/22/69

(6) Type of Charging Document: (check one)
    [ ] Indictment  [✓] Complaint  To be filed/Already filed
    Case# _____

    [ ] Bench Warrant for Failure to Appear
    [ ] Probation Violation Warrant
    [ ] Parole Violation Warrant

    Originating District: _____

    COPY OF WARRANT LEFT WITH BOOKING OFFICER [ ]YES [ ]NO

Amount of Bond: $_____
Who set Bond: _____

(7) Remarks: _____

(8) Date: _____ (9) Arresting Officer: _____

(10) Agency: _____ (11) Phone: _____

(12) Comments: _____

FILED by __ D.C.
MAR 2 2000
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

AO 91 (Rev. 5/85) Criminal Complaint     AUSA TERRENCE J. THOMPSON    DEA S/A TROY MIHOK

# United States District Court

SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

V.

YVETTE JENKINS

**CRIMINAL COMPLAINT**

CASE NUMBER: 00-4046-SNOW

(Name and Address of Defendant)

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. From in or about **March 2, 2000**, in **Broward** county, in the **Southern** District of **Florida** defendant(s) did, (Track Statutory Language of Offense)

possess with intent to distribute cocaine;

in violation of Title **21** United States Code, Section(s) **841(a)(1)**

I further state that I am a(n) **DEA Special Agent** and that this complaint is based on the following facts:
<br>Official Title

Please see attached affidavit.

Continued on the attached and made a part hereof:    [x] Yes  [ ] No

Signature of Complainant
Troy Mihok, Special Agent
Drug Enforcement Administration

Sworn to before me, and subscribed in my presence,

March 2, 2000                                   at   Fort Lauderdale, Florida
Date                                                  City and State

LURANA S. SNOW
CHIEF UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer                    Signature of Judicial Officer



## AFFIDAVIT

I am a Special Agent with the Drug Enforcement Administration (DEA) and have been so employed for the past three and one-half years. I am currently assigned to the Fort Lauderdale District Office of the DEA. My duties include the enforcement of federal narcotics and money laundering statutes. The information contained in this affidavit is based upon my personal knowledge as well as my interviews of other law enforcement officers.

During the early morning hours of March 2, 2000, members of the Domestic Drug Interdiction Unit were on duty at the AMTRAK train station in Hollywood, Florida. Detective Joseph Genna of the Fort Lauderdale Police Department, and Lieutenant Tim Hill of the Davie Police Department observed an individual later identified as YVETTE JENKINS at the far end of train station platform. A narcotics detection canine then approached a blue suitcase near JENKINS and alerted upon it. At the time, JENKINS had a blue suitcase and black duffle bag in her possession and she was accompanied by her eleven-year-old daughter.

Detective Genna identified himself to Ms. JENKINS and asked if she owned the two above-described pieces. JENKINS acknowledged that both pieces of luggage belonged to her, and consented to a search. Detective Eric Pulskamp of the Sunrise looked inside JENKINS' black bag and discovered three packages wrapped in tan tape. When Detective Pulskamp discovered the packages, JENKINS' daughter began to cry. The packages were wrapped in tee shirts inside the bag. Based upon his experience as a police officer, Detective Pulskamp believed that the packages contained narcotics. A field test of the packages indicated that they contained cocaine. The gross weight of the packages and their contents was 13.96 pounds.

Detective Jim Wheatley of the Coral Springs Department advised JENKINS of her constitutional rights. JENKINS waived her rights and agreed to speak with the police officers.

JENKINS said that her boyfriend had a "weed" deal and that she thought the packages contained marijuana. JENKINS said that she was taking the packages to Savannah, Georgia, where she was to be met by two individuals. JENKINS said that her boyfriend had made her travel arrangements.

Detectives discovered an airline ticket in JENKINS' blue bag indicating that she had traveled from Savannah, Georgia to Fort Lauderdale, Florida on March 1, 2000.

FURTHER, AFFIANT SAYETH NAUGHT.

_____
TROY MIHOK
Special Agent
Drug Enforcement Administration

Sworn and subscribed to before
me this 2nd day of March, 2000.

_____
LURANA S. SNOW
Chief United States Magistrate Judge