NIGHT BOX
FILED

JUL 10 2000

CLERK, USDC / SDFL / WPB

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA      Case# 00-6058-CR-Hurley
    Plaintiff

vs.

YVETTE JENKINS
    Defendant
_____/      Bar# 634026

DEFENDANT'S OBJECTIONS TO THE PRE-SENTENCE REPORT

COMES NOW, YVETTE JENKINS, by and through attorney Philip Louis Reizenstein, and hereby files this objection to the pre-sentence investigation report:

1. The Defendant objects to paragraphs nine and eighteen of the pre-sentence investigation, and the failure to reduce the guideline level by three points for acceptance of responsibility. The Defendant timely notified the Government of her intention to enter into a plea agreement. The Defendant has been extensively debriefed by the arresting officers in this case. The Defendant will provide a written statement of acceptance of responsibility prior to the date of sentencing. (Exhibit One).

2. The Defendant objects to paragraph fourteen and the failure to reduce the Defendant's guidelines by three levels for being a minimal participant in the instant offense.

The application notes for guideline 3.B1.2 define a minimal role as follows: "It would be appropriate for someone who played no other role in a very large drug smuggling operation than to offload part of a single marijuana shipment, or in a case where an individual was recruited as a courier for a single smuggling transaction involving a small amount of drugs."

In the case at bar it is clear that the Defendant's role was a "mule" or drug courier for dealers operating out of Ft. Lauderdale and South Carolina. As to the relationship between the amount of drugs and the possibility of a role reduction, an Eleventh Circuit panel recently held that a minor role reduction cannot be denied solely on the basis of the quantity of the drugs in the offense. U.S. v. De Varon 136 F.3d. 740, 744 (11th Cir. 1998). However, the Eleventh Circuit reversed this holding en banc, holding that it was not clear error for a district court to deny a role reduction based on the amount of drugs transported and the role those drugs had in the overall offense. U.S. De Varon, 175 F.3d 930, 938-47 (11th Cir,. 1999) (en banc).

It is argued that the en banc decision in De Varon did not specifically prohibit the sentencing court from granting a role reduction despite the quantity of drugs involved. Rather, the decision in De Varon gave the sentencing court leeway to grant or deny a drug courier a role reduction, and that such a decision made by the sentencing court should be based with consideration given

to the amount of drugs involved. It should be noted that the Third Circuit cited with and agreed with the original De Varon decision in a similar case. U.S. v. Isaza-Zapata, 148 F.3d 236 (3d. Cir. 1998).

Respectfully submitted,

_____
Philip L. Reizenstein, Esq.
Attorney For the Defendant
1471 N.W. 14th Street
Miami, Fl, 33125
(305) 326-0400

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered by Fax and the US Mail to AUSA Terrance Thompson, 500 East Broward Boulevard, 7th Floor, Ft. Lauderdale, Fl, 33394-3002, Fax: 954:356-7336 US Probation Officer Katrina Jenkins, 300 NE 1st Avenue, Room 315, Miami, Fl, 33132, Fax: 305:523-5496    the 10th day of July, 2000.

_____
Philip L. Reizenstein, Esq.

Philip L. Reizenstein, P.A., Attorney at Law, 1471 NW 14th Street, Miami, Florida 33125. Tel. (305) 326-0400, Fax (305) 325-8294

UNITED STATES

v.                                              00-~~6625~-
                                                6058-cr-Hurley

Yvette Jenkins

STATEMENT of Acceptance of Responsibility

I, Yvette Jenkins, Do hereby state the following:

1) I admit that on March 2, 2000, I was in possession of cocaine and I intended to transport the cocaine to South Carolina.

2) When I arrived in Ft. Lauderdale I met "Pepe" and "Pablo" to prepare to take the drugs to South Carolina.

3) I was present in an apartment in Ft. Lauderdale when "Pepe" and "Pablo" used a microwave ~~and stove~~ to process the cocaine.

EXHIBIT - 1

Statement of Yvette Jenkins, Page 2.

4) When I was initially arrested by the police I did tell them that I thought the drugs could be marijuana. This was because I was very scared and because I did not actually see the cocaine packaged. But I have also given statements to the agents to qualify for substantial assistance and I did admit that I knew that it was probably cocaine.

5) I have given statements to the agents identifying "Pablo" and "Pepé" to the best of my knowledge and I have also told them the location of the apartment where they processed cocaine.

6) I have also given the agents the name of Ricky Molton as the person who would get the cocaine from me in South Carolina for the purpose of selling the cocaine. I gave the agents Ricky Molton's cell phone number and pager number, as well as his phone number at work.

7) I fully admit my involvement in this crime and I am very sorry for committing this act.

Statement of Yvette Jenkins, page 3.

8) I will continue to provide whatever help and assistance I can to the prosecution and the agents in this case.

_Yvette Jenkins_  7/6/2000
Yvette Jenkins.        at FDC.


witness _Philip L. Reizenstein_   7/6/2000
Philip L. Reizenstein            at FDC.
Attorney for
Yvette Jenkins.
Bar # 634026

EXHIBIT - 1